UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

——————

|  |  |  |
|---|---|---|
| WILLIAM CRUMP #238336, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:06-cv-266 |
| | ) | |
| v. | ) | HON. ROBERT HOLMES BELL |
| | ) | |
| THOMAS PERTTU, et al., | ) | |
| | ) | |
| Defendants. | ) | **OPINION** |
| _____ | ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983.

Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"),

"no action shall be brought with respect to prison conditions . . . until such administrative remedies

as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate

exhaustion of available administrative remedies with regard to a number of the named Defendants,

the Court will dismiss his complaint, in part, without prejudice.

**Discussion**

I.      Factual allegations

Plaintiff is presently incarcerated at the Baraga Maximum Correctional Facility

(AMF). In his *pro se* complaint, he sues Defendants Assistant Resident Unit Supervisor Thomas

Perttu, Resident Unit Manager Terry Smith, Assistant Deputy Warden Dan Lesatz, Warden Greg

McQuiggin, Prison Guard Keith Erkkila, Prison Guard Steve Holma, Prison Guard James Dingelday,

Prison Guard Dean Huhta, Prison Guard John Perry, Prison Guard John Van Abel, Prison Guard Jon

Martti, and Sergeant Randy McClellan.

Plaintiff claims that Defendants violated his constitutional rights by retaliating against him for his use of the grievance procedure.  For relief, Plaintiff requests compensatory and punitive damages, as well as declaratory and injunctive relief.

II.      Lack of exhaustion of available administrative remedies

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies with regard to a number of the named Defendants.  Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies.  *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).  The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought.  *Porter*, 534 U.S. at 516; *Booth*, 532 U.S. at 741.  A district court must enforce the exhaustion requirement sua sponte.  *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 525 U.S. 833, 119 S. Ct. 88 (1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[1]  *Brown*, 139 F.3d at 1104.  In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the court may determine what claims, if any, have been exhausted.  *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S. Ct. 634 (2000).  A prisoner must specifically mention the involved parties in the grievance to make prison officials

---

[1]To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint.  The form complaint, which is required by local rule, is disseminated to all the prisons.  *See* W.D. MICH. LCIVR 5.6(a).  Plaintiff has chosen to forego use of the form complaint in this action.

aware of the problems so that the prison has a chance to address the claims before they reach federal court.  *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001).

Plaintiff's claim of retaliation is the type of claim that may be grieved through the three-step prison grievance process because a prisoner who believes that he is subject to acts of reprisal for using the grievance process or for assisting others in filing grievances may file a grievance.  MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ J (effective Oct. 11, 1999 and Nov. 1, 2000).

The burden to allege and show exhaustion belongs to Plaintiff.  *See* 42 U.S.C. § 1997e(a); *Knuckles El*, 215 F.3d at 642; *Brown*, 139 F.3d at 1104.  This requirement is "so that the district court may intelligently decide if the issues raised can be decided on the merits." *Knuckles El*, 215 F.3d at 642.  Plaintiff attaches a number of grievances and the responses to his complaint. A careful review of these attachments indicates that Plaintiff has exhausted his administrative remedies with regard to Defendants Perttu, Smith, Lesatz, McQuiggin, and Huhta.  However, Plaintiff has failed to show that he exhausted his remedies with regard to Defendants Erkkila, Holma, Dingeldey, Perry, Van Abel, Martti, and McClellan by naming them in a step I grievance and following up by appealing the denial of the grievance to step III.  An allegation that remedies have been exhausted is not enough, as a plaintiff must provide the decisions reflecting the administrative disposition of his claims or other evidence showing that he has exhausted his remedies.  *Williams v. McGinnis*, No. 98-1042, 1999 WL 183345, at *1 (6th Cir. March 16, 1999). The Sixth Circuit has found that the district court is not required to hold evidentiary hearings on the issue of exhaustion or "spend a lot of time with each case just trying to find out whether it has jurisdiction to reach the

merits." *See Knuckles El*, 215 F.3d at 642.  Accordingly, the Court finds that Plaintiff has failed to demonstrate exhaustion of available administrative remedies.

It is not clear whether Plaintiff may still grieve his claims.  Under the policy of the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely.  *See* Policy Directive 03.02.130, ¶¶ G-3, T, V.  The Sixth Circuit held that an inmate cannot claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir.), *cert. denied*, 522 U.S. 906 (1997).  However, the United States Supreme Court has recently held that Prisoners must comply with applicable procedural rules, including deadlines, when exhausting administrative remedies as a precondition to bring an action in federal court.  *Woodford, et al. v. Ngo*, S. Ct. No. 05-416, Slip Op. p. 21 (Mar. 22, 2006).

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion.  *See Wright*, 111 F.3d at 417.  Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies.  *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997); *Bradford v. Moore*, No. 97-1909, 1998 WL 476206, at *1 (6th Cir. Aug. 3, 1998).  Accordingly, the Court will dismiss Plaintiff's claims against Defendants Erkkila, Holma, Dingeldey, Perry, Van Abel, Martti, and McClellan without prejudice.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the

Court will dismiss Plaintiff's action, in part, without prejudice because he has failed to show

exhaustion as required by 42 U.S.C. § 1997e(a).

An Order consistent with this Opinion will be entered.


Date:    December 7, 2006                    /s/ Robert Holmes Bell
                                             ROBERT HOLMES BELL
                                             CHIEF UNITED STATES DISTRICT JUDGE