UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIAM CRUMP, JR.,

    Plaintiff,

                                                         Case No. 2:06-cv-266

v.                                             HON. ROBERT HOLMES BELL

THOMAS PERTTU, et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

        Plaintiff William Crump ,Jr., filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Assistant Resident Unit Supervisor Thomas Perttu, Resident Unit Manager Terry Smith, Assistant Deputy Warden Dan Lesatz, Warden Greg McQuiggin, Prison Guard Keith Erkkila, Prison Guard Steve Holma, Prison Guard James Dingelday, Prison Guard Dean Huhta, Prison Guard John Perry, Prison Guard John Van Abel, Prison Guard Jon Martti, and Sergeant Randy McClellan. Plaintiff has filed a request for a temporary restraining order and preliminary injunction (docket #3), alleging that Defendants have violated his constitutional rights by retaliating against him for his use of the grievance procedure.

        I have reviewed Plaintiff's request for injunctive relief and conclude that the request lacks merit on the grounds presented as it fails to establish a substantial likelihood of success on the merits and does not establish that Plaintiff will suffer irreparable harm if the requested relief is not granted. Therefore, I recommend that Plaintiff's request for a temporary restraining order and preliminary injunction be denied.

The Sixth Circuit has explained that a court confronted with a request for injunctive relief must consider and balance four factors:

1.  Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.

2.  Whether the movant has shown irreparable injury.

3.  Whether the preliminary injunction could harm third parties.

4.  Whether the public interest would be served by issuing a preliminary injunction.

*Mason County Medical Ass'n. v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). *See also*, *Frisch's Restaurant Inc. v. Shoney's*, 759 F.2d 1261, 1263 (6th Cir. 1985); *Ardister v. Mansour*, 627 F.Supp. 641 (W.D. Mich. 1986).

Moreover, where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2nd Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

As noted above, Plaintiff alleges that Defendants have violated his constitutional rights by retaliating against him for his use of the grievance procedure. Plaintiff claims that he has been subjected to false misconduct charges, denial of meal trays, two assaults, and numerous threats. Plaintiff seeks to be transferred to a different facility away from Defendants. A review of the materials of record fails to establish a substantial likelihood of success with respect to Plaintiff's

claim that the defendants have violated his federal rights. Furthermore, Plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief.

Because Plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that Plaintiff's motion for a temporary restraining order and preliminary injunction (docket #3) be denied.

In addition, I recommend that Plaintiff's motion to temporarily waive the burden of proving exhaustion (docket #2) be denied as moot pursuant to *Jones v. Bock*, 127 S. Ct. 910 (2007).

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   May 31, 2007