UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIAM CRUMP,

        Plaintiff,

v.

        File No. 2:06-CV-266

        HON. ROBERT HOLMES BELL

STEVE HOLMA, et al.,

        Defendants.
_____/

## ORDER REJECTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On January 23, 2009, United States Magistrate Judge Timothy P. Greeley issued a report and recommendation ("R&R") recommending that Defendant Steve Holma's motion for summary judgment (Dkt. No. 98) be granted and that this case be dismissed in its entirety. (Dkt. No. 110)   The report and recommendation was duly served on the parties.  Plaintiff, after obtaining an extension of time, filed objections to the report and recommendation on February 20, 2009.  (Dkt. No. 114.)

This Court is required to make a *de novo* determination of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff objects to the R&R because he contends that he submitted sufficient evidence to create a genuine issue of material fact for trial on the issue of retaliation. The Court agrees.

The Magistrate Judge's determination that the issuance of a misconduct ticket for threatening behavior is not the type of adverse conduct that would deter a person of ordinary firmness from filing future grievances is not supported by the case law. As the Sixth Circuit has indicated, "in most cases, the question of whether an alleged retaliatory action poses a sufficient deterrent threat to be actionable will not be amenable to resolution as a matter of law." *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002). "[W]hile certain threats or deprivations are so *de minimis* that they do not rise to the level of being constitutional violations, this threshold is intended to weed out only inconsequential actions." *Id*. at 603. The issuance of a false major misconduct charge, with its attendant potential threat of disciplinary sanctions, is a sufficiently adverse action to support a claim of retaliation. *Scott v. Churchill*, 377 F.3d 565, 571-72 (6th Cir. 2004); *Brown v. Crowley*, 312 F.3d 782, 789 (6th Cir. 2002).

The Magistrate Judge also found that Plaintiff failed to factually support his claim that there was a causal connection between his grievance filings and Defendant Holma's issuance of the misconduct ticket. The Magistrate Judge correctly noted that simply alleging that a grievance was filed and that a misconduct ticket was issued sometime thereafter is not alone enough to show a causal connection. However, in this case Plaintiff did more than simply

allege a sequence of a grievance followed by a misconduct ticket. Plaintiff submitted an affidavit with his verified complaint alleging that after filing grievances Defendant Holma began harassing Plaintiff, filed a "false misconduct" against Plaintiff for threatening behavior, and told other inmates that if Crump would "stop filing all those damb grievances he would have been out of the hole," and that "if you guys want to get to G.P. this century don't be as stupid as Crump and don't file grievances on the people that has control of your life." (Crump. Aff. ¶¶ 10-15.) Upon *de novo* review this Court is satisfied that Plaintiff has factually supported his claim that his grievance filings were a factor in Holma's issuance of the misconduct ticket, and that the evidence is sufficient to create a material issue of fact as to causation. Accordingly,

**IT IS HEREBY ORDERED** that the January 23, 2009, Report and Recommendation of the Magistrate Judge (Dkt. No. 110) is **REJECTED**.

**IT IS FURTHER ORDERED** that Defendant Holma's motion for summary judgment (Dkt. No. 98) is **DENIED**.


Dated: April 29, 2009                                      /s/ Robert Holmes Bell
                                                           ROBERT HOLMES BELL
                                                           UNITED STATES DISTRICT JUDGE